UNITED STATES DISTRICT COURT OF
DISTRICT OF MASSACHUSETTS

Comcast of Massachusetts III, Inc. ) Case No. 05-40086
("Comcast")                         )
    Plaintiff                    )
                        )
vs.                                 )  ANSWER AND DEFENSES OF
                                    )  CAROLLYN BURGESS
Carollyn Burgess                    )
    Defendant                    )
                                    )

      Defendant Carollyn Burgess, hereinafter"Burgess", res-
ponds to the paragraphs in plaintiff's complaint as follows:

1. Denied that Comcast suffered injuries as a result of
   action or inaction by Burgess; denied that Burgess com-
   mitted cable television signal piracy.

2. Denied.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Denied as to Burgess; Burgess is without informa-
    tion or knowledge sufficient to form a belief as
    to the truth of this averment relative to a third
    party.

14. Burgess is without knowledge or information suf-
    ficient to form a belief as to the truth of this
    averment.

15. Denied.

16. Denied.

17. Burgess makes the same responses as above and in-
    corporates by reference her responses to paragraphs
    1 through 16 above.

18. Denied.

19. Denied.

20. Admitted.

21. Denied.

22. Denied that Defendant knowingly intercepted or used
    Comcast's cable transmissions without consent of
    Comcast.

23. Denied.

24. Burgess makes the same responses as above and in-
    corporates by reference her responses to paragraphs
    1 through 23 above.

25. Denied.

26. Denied.

27. Denied.

First Defense

The injuries and damages complained of were caused  in
whole or in part by the negligence of Comcast or its
predecessor-in-interest and the degree of negligence
on the part of Comcast or its predecessor-in-interest
is such as to bar recovery under the provisions of
law.

Laches

The plaintiff has delayed initiation of this suit to
such a point that Burgess is unfairly hampered and
prejudiced by the passage of time in preparing her
defense.

WHEREFORE, Defendant Burgess asks this Honorable Court to dismiss all of Plaintiff's claims against her and award Burgess costs including a reasonable attorney's fee.

Date: July 18, 2005

_____
Thomas J. Moran, Jr.
Attorney for Carollyn Burgess
26 Spring St.
P.O. Box 7233
Fitchburg, MA 01420
BBO#: 542300


## Certificate of Service

I, Thomas J. Moran, Jr., attorney for Carollyn Burgess, certify that I served a copy of the above Answer and Defenses of Carollyn Burgess upon John M. McLaughlin, Esq.,Green,Miles,Lipton & Fitz-Gibbon LLP, 77 Pleasant at., P.O. Box 210, Northampton, MA 01061, attorney for Comcast of Massachusetts III, Inc. on the 18th day of July by first-class mail, postage prepaid.

_____
Thomas J. Moran, Jr.